UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH TURNER,

    Plaintiff,   CASE NO. 07-13837

v.   DISTRICT JUDGE JOHN CORBETT O'MEARA
    MAGISTRATE JUDGE CHARLES E. BINDER
WARREN EVANS,
Sheriff,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**
(Dkt. 12)

## I. RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's motion be **GRANTED** and the case dismissed with prejudice.

## II. REPORT

### A. Procedural Background

Plaintiff filed the instant *pro se* prisoner civil rights complaint on September 12, 2007. (Dkt. 1.) The case was referred by U.S. District John Corbett O'Meara to the undersigned Magistrate Judge for general case management on December 7, 2007. (Dkt. 6.) On April 1, 2008, Defendant filed the instant motion to dismiss or for summary judgment (Dkt. 12) and Plaintiff responded on April 17, 2008. (Dkt. 18.) Upon review of the documents, I conclude that pursuant to E.D. Mich.

LR 7.1(e)(2), this motion is ready for Report and Recommendation on the pleadings without oral argument.

**B.     The Complaint**

Plaintiff's complaint alleges that he was "deni[ed] adequate or proper medical care and treatment after having my diabetic medicine taken from me upon entry into the Wayne County Jail on the pertents [sic] that a new order would be issued and denied same for a period of ten days [] which I am now told has effect [sic] my kidney." (Dkt. 1 at 3.)  The only defendant named is the Wayne County Sheriff, Warren Evans.  Plaintiff specifically alleges that upon arrival at the Wayne County Jail his blood sugar was "168 or more" and that he told the nurse he was feeling "weak, head hurting and dizzy because [he] hadn't taken [his] meds that day." (*Id.* ¶ I.)  Plaintiff states that although the nurse continued to test his blood sugar level, he continued to suffer without medication for the next two days. (*Id.* ¶¶ II, III.)  On the third day, Plaintiff was taken to the doctor who was "very tearse [sic] with [him] the whole check up" and who told Plaintiff he was "fine" and that there was "nothing wrong." (*Id.* ¶ IV.)  Plaintiff avers that he asked the doctor if he "kn[e]w anything about diabetes" and that he told the doctor that his "body is not acting right." (*Id.*)  At this point, Plaintiff indicates the doctor told him to return to his cell, Plaintiff pleaded with the doctor for help and medication, but that the doctor indicated "I'm not giving them to you because of your attitude." (*Id.*)  Plaintiff states that he went without medication for another several days, despite Plaintiff's pleading, and that he was finally given medication on July 18, 2006. (*Id.* ¶ VIII.) Plaintiff asserts that his constitutional rights under the Eighth Amendment, and Fourteenth Amendment, Due Process and Equal Protection clauses, were all violated. (*Id.* at 6.) Plaintiff seeks

2

a declaratory ruling, injunctive relief, and compensatory and punitive damages in the amount of two million dollars. (*Id.* at 3.)

### C. Motion Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).[1] *Twombly* did not change the notion that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, ___U.S.___, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

A motion for summary judgment will be granted under Rule 56(c) of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving

---

[1] Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *See Weisbarth v. Geauga Park Dist.,* ___F.3d___, No. 06-4189, 2007 WL 2403659 (6th Cir. Aug. 24, 2007) (declining to resolve scope of *Twombly* decision because not necessary to do so).

party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit has explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson*

4

*Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

When the court considers pleadings filed by a plaintiff who is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, the court may not "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**D.    Analysis and Conclusions**

**1.    Supervisory liability under § 1983–Sheriff Evans**

The only mention of Defendant Evans in Plaintiff's complaint is that "sheriff Warren Evans is legally responsible for the overall operation of Wayne County Jail the doctor are hire to administer proper medical care and treatment to the jails detainees as with the PA medication shceduling etc."[2]

On the basis of these allegations, I suggest that Plaintiff has failed to state a claim against Defendant Evans. It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). Liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v.*

---

[2]The repetitive use of "sic" was avoided; the quote is as written by Plaintiff.

*Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that Defendant Evans had any knowledge of the facts underlying his claims or that he (or the county itself) implicitly encouraged, authorized, approved or acquiesced in any way. Merely listing a name in the caption of the complaint and alleging constitutional violations in the body of the complaint, however, is not enough to sustain recovery under section 1983. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Gilmore v. Corrections Corp. of America*, 92 Fed. App'x 188, 190 (6th Cir. 2004). Therefore, I suggest that Defendant is entitled to dismissal on this ground alone.

2. **Eighth Amendment**

Even if Plaintiff had sued a proper Defendant, I suggest that the grant of summary judgment would be appropriate on Plaintiff's allegations. The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart*

7

*v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. **Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.** In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

Plaintiff complains that he was not given any medication although his blood sugar level was "168 or more" upon arrival at the jail. (Dkt. 1 ¶ I.) However, Dr. George Wilson, Jr., who was the primary physician pertaining to the medical care of Plaintiff, indicates that "any [blood sugar

8

or glucose] level below 180 mg/dl is medically acceptable in diabetic patients." (Dkt. 12, Ex. A ¶ 4.) Plaintiff also concedes that his blood sugar level was tested each day but complains that he was not given any medication until July 18, 2006. (Dkt. 1 ¶¶ II, III, VIII.) Plaintiff's medical records indicate that his glucose levels were tested twice each day and that his glucose level exceeded 180 on three occasions (186, 195, and 206). (Dkt. 12, Ex. A ¶ 4, Ex. 3.) Medical records also validate that Plaintiff was provided with the prescription drug Glipizide on two occasions. (Dkt. 12, Ex. 1, 2.) Plaintiff's opinion that he should have been given prescription medicine to control his blood sugar level each day, regardless of his blood sugar level, is not medically sound and reveals, at most, a disagreement over the course of treatment. This difference in judgment regarding appropriate treatment is insufficient to state a deliberate indifference claim. *Sanderfer, supra.*.

The medical evidence also controverts Plaintiff's claim that his kidney function has been detrimentally effected. (Dkt. 12, Ex. 4.) Although there is some evidence that the doctor criticized Plaintiff's attitude (Dkt. 12, Ex. 4, D,) there is no evidence that this personality conflict affected the propriety of medical care given. (Dkt. 1 ¶ IV.)

Therefore, out of the two "different stories" being told by the parties, Plaintiff's is "blatantly contradicted by the record, so that no reasonable jury could believe it" such that summary judgment in favor of Defendant is appropriate. *See Scott,* 127 S. Ct. at 1776; *Skylstad v. Reynolds*, 248 Fed. App'x 808, 810 (9th Cir. 2007) (granting summary judgment for defendant on excessive force claim where medical evidence contradicted plaintiff and other witness's version of events); *Salaam v. Lamphere*, No. 1:07-CV-181, 2008 WL 696453, *5 (W.D. Mich. Mar. 12, 2008) (granting summary judgment for defendant where medical evidence did not indicate that plaintiff

suffered any detrimental effect from delay in treatment); *Harris v. Curtin*, No. 1:05-CV-815, 2008 WL 623829, * (W.D. Mich. Mar. 4, 2008) (granting summary judgment for defendants where medical evidence and evidence at major misconduct hearing, combined with major misconduct conviction blatantly contradicted Plaintiff's version of the events).

### 3. Fourteenth Amendment - Due process and Equal Protection

Plaintiff has not averred any lack of procedural due process. To the extent that Plaintiff has alleged a substantive due process violation, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994)(plurality). Finally, although Plaintiff avers his equal protection rights were violated, he has not even alleged that the government treated him disparately as compared to similarly situated persons or that such treatment was based on his membership in a suspect class. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006). Therefore, I suggest Plaintiff's Fourteenth Amendment claim should also be dismissed.

### 4. Conclusion

For the above stated reasons, I suggest that Defendant's motion to dismiss or for summary judgment be granted and the case be dismissed with prejudice.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Dated: May 15, 2008

     s/ *Charles E Binder*
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Surowiec, served on Keith Turner by first class mail, and on U.S. District Judge O.Meara in the traditional manner.

Date: May 15, 2008     By    s/Patricia T. Morris
     Law Clerk to Magistrate Judge Binder